```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/5/2021
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
:
UNITED STATES OF AMERICA,                                     :
:
:
:
       -against-                                              :   1:19-cr-784-GHW
:
:
JORGE CASTILLO,                                               :   ORDER
                                        Defendant.            :
:
------------------------------------------------------------- X

GREGORY H. WOODS, District Judge:

The Court will hold a teleconference on April 6, 2021 at 1:00 p.m. to discuss defense counsel's request to be appointed as CJA counsel. Prior to the April 6, 2021 conference, the parties are ORDERED to submit an updated version of Mr. Castillo's financial affidavit (Criminal Justice Act Form 23). A copy of the form is attached to this order.

It is hereby ORDERED that the proceeding will take place on the Microsoft Teams videoconference platform. To access the conference, paste the following link into your browser:

https://teams.microsoft.com/l/meetup-join/19%3ameeting_OGE3ZjMxMmQtNGExMS00NTZmLTljMWMtZjY2N2ZlM2E2ZmIy%40thread.v2/0?context=%7b%22Tid%22%3a%221d66f037-8266-4d1c-919c-67c6543d3542%22%2c%22Oid%22%3a%2279c81400-3587-4ee7-8008-ba97ebee86ba%22%7d

To use this link, you may need to download software to use the platform's videoconferencing features.[1] Participants are directed to test their videoconference setup in advance of the conference—including their ability to access the link above. Defense counsel shall assist the defendant in testing his or her videoconference capability so that the defendant can participate by videoconference if that is feasible.

---

[1] *See* Microsoft, *Download Microsoft Teams* (last visited January 27, 2021), https://www.microsoft.com/en-us/microsoft-365/microsoft-teams/download-app.

Users who are unable to download the Microsoft Teams application may access the meeting through an internet browser, although downloading the Microsoft Teams application is highly recommended.[2]  When you successfully access the link, you may be placed in a "virtual lobby" until the conference begins.  Participants should also ensure that their webcam, microphone, and headset or speakers are all properly configured to work with Microsoft Teams.  For general guidelines for participation in remote conferences, visit https://nysd.uscourts.gov/covid-19-coronavirus.

Members of the press, public, or counsel may access the conference's audio using the following credentials:

        Call-in number:       (917) 933-2166
        Conference ID:       857 848 555#

The Court requests that members of the public consider accessing the conference by telephone, rather than through the Microsoft Teams videoconference platform.  While the proceeding is accessible to the public through the Microsoft Teams videoconference platform, the inclusion of many participants on the videoconference platform can reduce the quality of the video stream for the parties and their respective counsel.

SO ORDERED.

Dated:  April 5, 2021
New York, New York

                                                        GREGORY H. WOODS
                                                  United States District Judge

---

[2] Please note that participants who access the Teams meeting using an internet browser may only be able to view one participant at a time.

# FINANCIAL AFFIDAVIT
IN SUPPORT OF REQUEST FOR ATTORNEY, EXPERT, OR OTHER SERVICES WITHOUT PAYMENT OF FEE

**IN THE UNITED STATES** ☐ DISTRICT COURT   ☐ COURT OF APPEALS   ☐ OTHER *(Specify Below)*

**IN THE CASE OF** _____ V. _____

FOR _____
AT _____

**LOCATION NUMBER**

**PERSON REPRESENTED** *(Show your full name)*
_____

1 ☐ Defendant - Adult
2 ☐ Defendant - Juvenile
3 ☐ Appellant
4 ☐ Probation Violator
5 ☐ Supervised Release Violator
6 ☐ Habeas Petitioner
7 ☐ 2255 Petitioner
8 ☐ Material Witness
9 ☐ Other *(Specify)* _____

**DOCKET NUMBERS**
Magistrate Judge
District Court
Court of Appeals

**CHARGE/OFFENSE** *(Describe if applicable & check box→)*   ☐ Felony   ☐ Misdemeanor

## ANSWERS TO QUESTIONS REGARDING ABILITY TO PAY

**INCOME & ASSETS**

**EMPLOYMENT**
Do you have a job?   ☐ Yes   ☐ No
**IF YES,** how much do you earn per month? _____ Will you still have a job after this arrest?   ☐ Yes   ☐ No   ☐ Unknown

**PROPERTY**
Do you own any of the following, and if so, what is it worth?

| | APPROXIMATE VALUE | DESCRIPTION & AMOUNT OWED |
|---|---|---|
| Home | $_____ | _____ |
| Car/Truck/Vehicle | $_____ | _____ |
| Boat | $_____ | _____ |
| Stocks/bonds | $_____ | _____ |
| Other property | $_____ | _____ |

**CASH & BANK ACCOUNTS**
Do you have any cash, or money in savings or checking accounts?   ☐ Yes   ☐ No **IF YES,** give the total approximate amount after monthly expenses   $_____

**OBLIGATIONS, EXPENSES, & DEBTS**

How many people do you financially support? _____

| BILLS & DEBTS | MONTHLY EXPENSE | TOTAL DEBT |
|---|---|---|
| Housing | $_____ | $_____ |
| Groceries | $_____ | $_____ |
| Medical expenses | $_____ | $_____ |
| Utilities | $_____ | $_____ |
| Credit Cards | $_____ | $_____ |
| Car/Truck/Vehicle | $_____ | $_____ |
| Childcare | $_____ | $_____ |
| Child Support | $_____ | $_____ |
| Insurance | $_____ | $_____ |
| Loans | $_____ | $_____ |
| Fines | $_____ | $_____ |
| Other | $_____ | $_____ |

I certify under penalty of perjury that the foregoing is true and correct.

_____   _____
SIGNATURE OF DEFENDANT (OR PERSON SEEKING REPRESENTATION)   Date

☐ APPROVED   ☐ DENIED

_____
FD/CJA/RET. ATTORNEY                    (PRINT)

_____   _____   _____
ASSISTANT UNITED STATES ATTORNEY   (PRINT)   SIGNATURE OF JUDICIAL OFFICER   DATE

## Instructions for CJA Form 23 Financial Affidavit

In every type of proceeding where appointment of counsel is authorized under 18 U.S.C. § 3006A(a) and related statutes, the United States magistrate judge or the court shall advise the person of their right to be represented by counsel and that counsel will be appointed if the person is financially unable to obtain counsel. Unless the person waives representation by counsel, the United States magistrate judge or the court, if satisfied after appropriate inquiry that the person is financially unable to obtain counsel, shall appoint counsel to represent the individual.

Determination of eligibility for representation under the CJA is a judicial function, however the court may designate court employees to obtain or verify the facts relevant to the financial eligibility determination. Employees of law enforcement agencies, including the United States Attorney's Office, should <u>not</u> participate in the completion of the financial affidavit or seek to obtain information concerning financial eligibility from a person requesting the appointment of counsel. When practicable, employees of the federal public defender office should discuss with the person who indicates that he or she is not financially able to secure representation the right to appointed counsel and, if appointment of counsel seems likely, assist in completion of the financial affidavit.

Counsel must be appointed if the person seeking representation is "financially unable to obtain counsel." 18 U.S.C. §3006A(b). (While courts often use "indigency" as a shorthand expression to describe financial eligibility, indigency is not the standard for appointing counsel under the Criminal Justice Act.) In determining whether a person is "financially unable to obtain counsel," consideration should be given to the cost of providing the person and his or her dependents with the necessities of life, the cost of securing pretrial release, asset encumbrance, and the likely cost of retained counsel. The initial determination of eligibility must be made without regard to the financial ability of the person's family to retain counsel, unless their family indicates willingness and ability to do so promptly. Any doubts about a person's eligibility should be resolved in the person's favor; erroneous determinations of eligibility may be corrected at a later time. For additional guidance, see the *Guide to Judiciary Policy*, Volume 7A, Guidelines for Administering the CJA and Related Statutes (*CJA Guidelines*).

The CJA Form 23 is not a required statutory form. It is an administrative tool used to assist the court in appointing counsel. When a colorable claim is asserted that disclosure to the government of a completed CJA 23 would be self-incriminating, the

court may not adopt an unconditional requirement that the defendant complete the CJA 23 before his application for appointment of counsel will be considered. To do so may place the defendant in the constitutionally untenable position of having to choose between his Sixth Amendment right to counsel and his Fifth Amendment privilege against self-incrimination. Two approaches that courts have taken to resolve these competing concerns are: (i) through *in camera* examination of the financial affidavit, which then would be sealed and not be made available for the purpose of prosecution, or (ii) through an adversarial hearing on the defendant's request for appointment of counsel, during which the court would grant use immunity to the defendant's testimony at the hearing.

Pursuant to Judicial Conference policy, financial affidavits seeking the appointment of counsel should not be included in the public case file and should not be made available to the public at the courthouse or via remote electronic access. If the financial affidavit is docketed it should be filed under seal. See, *Guide to Judiciary Policy,* Vol. 10, §340, Judicial Conference Policy on Privacy and Public Access to Electronic Case Files (March 2008) and Administrative Office of U.S. Courts Information Bulletin on Revised Judicial Conference Privacy Policy (May 2008).

For questions on the use of this form or instructions, please contact the Defender Services Office, Legal and Policy Division at 202-502-3030.