```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/20/2021
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

United States of America

v.

Jorge Castillo,
    a/k/a "Jorge Alexis Castillo Romero"

*Defendant.*

**Protective Order**

**19 Cr. 784 (GHW)**

GREGORY H. WOODS, District Judge:

On the motion of the United States of America, by Audrey Strauss, United States Attorney for the Southern District of New York, through counsel, Daniel H. Wolf and Sarah Krissoff, Assistant United States Attorneys ("the Government"), pursuant to Federal Rule of Criminal Procedure 16(d), on consent of the defendant, Jorge Castillo, by and through his counsel, John Russo, Esq., and for good cause shown,

**IT IS HEREBY ORDERED:**

    1. The Government has made and will make disclosure to the defendant of documents, objects and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. § 3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases, all of which will be referred to herein as "Disclosure Material." Disclosure Material may include material that (i) affects the privacy and confidentiality and of other individuals; (ii) would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged individuals; (iii) would risk prejudicial pretrial publicity if publicly disseminated; and (iv) that is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case

2. Except as noted in Paragraphs 3-5 below, Disclosure Material disclosed to the defendant or to his counsel in this case during the course of proceedings in this action:

    a.  Shall be used by the defendant and his counsel only for purposes of defending this criminal action;

    b.  Shall not be posted on any Internet site or network site to which persons other than the parties hereto have access;

    c.  Shall not be disclosed in any form by the defendant or his counsel to the media or any third party except as set forth in paragraph 3(d) below; and

    d.  May be disclosed by the defendant or his counsel in this action only to the following persons (hereinafter "Designated Persons"):

        i.  investigative, secretarial, clerical, paralegal, and student personnel employed full-time or part-time by defense counsel;

        ii.  independent expert witnesses, investigators, expert advisors, consultants and vendors retained in connection with this action;

        iii.  individuals, including prospective defense witnesses, and their counsel, to the extent deemed necessary by defense counsel, for the purposes of the criminal proceedings in this case; and

        iv.  such other persons as hereafter may be authorized by agreement, in writing, of the parties or by the Court upon the defendant's motion.

3. Certain of the Government's Disclosure Material, referred to herein as "Confidential Disclosure Material," contains information that identifies, or could lead to the identification of,

witnesses who may be subject to intimidation or obstruction, and whose lives, persons, and property, as well as the lives, persons and property of loved ones, will be subject to risk of harm absent the protective considerations set forth herein. Materials bearing a Bates-stamp with the designation "Confidential" or otherwise identified by the Government for counsel for the defendant as "Confidential" will be treated as "Confidential Disclosure Material." The Government's designation of material as "Confidential Disclosure Material" will be controlling absent contrary order of the Court.

4. Restrictions on Confidential Disclosure Material are the same as Disclosure Material, except that:

a. The defendant shall not maintain, retain, or keep copies of any records containing Confidential Disclosure Material outside of the offices or presence of defense counsel. Confidential Disclosure Material may, however, be disclosed by counsel to the defendant for review at the offices of defense counsel, or in the presence of defense counsel or any member of the defense team (*e.g.*, attorneys, experts, consultants, paralegals, investigators, support personnel, and secretarial staff involved in the representation of the defendant in this case), for purposes related to this case.

b. The defendant shall not make or retain any notes that include any Confidential Disclosure Material outside the offices of defense counsel.

5. Certain of the Confidential Information, referred to herein as "Attorneys Eyes Only Information," is any Confidential Material produced by the Government in this action bearing a Bates-stamp with the designation "Attorneys Eyes Only" or otherwise identified by the

Government to counsel for the defendant as "Attorneys Eyes Only Information." The Government's designation of material as Attorneys Eyes Only Information will be controlling absent contrary order of the Court. Restrictions on Attorneys Eyes Only Information are the same as Confidential Information, except that Attorneys Eyes Only Information:

    a. Shall not be disclosed to or possessed by the defendant; and

    b. May be disclosed only to defense counsel or any member of the defense team (e.g., attorneys, experts, consultants, paralegals, investigators, support personnel, and secretarial staff involved in the representation of the defendant in this case).

6. Notwithstanding the foregoing, Confidential Information shall not include documents, materials or information that is (i) already in the possession of the defendant at the time of the Government's production, or (ii) otherwise publicly available (collectively, the "Other Information"). Nothing in this Order shall restrict the defendant's use of such Other Information.

7. The Government may authorize, in writing, disclosure of disclosure material beyond that otherwise permitted by this Order without further Order of this Court.

8. Disclosure Materials, Confidential Information, and Attorneys Eyes Only Information disclosed to the defendant or to his counsel during the course of proceedings in this action, including any and all copies made of said material, shall either be returned to the Government or shredded and destroyed, upon the conclusion of the above-captioned case. The above-captioned case will be concluded upon expiration of either the conclusion of any litigation related the above-captioned case, including direct appeal and collateral attack.

9. The defendant or his counsel shall provide a copy of this Order to Designated Persons to whom they disclose Disclosure Materials, Confidential Information, and/or Attorney's Eyes Only Information. Designated Persons shall be subject to the terms of this Order. In addition, if Disclosure Material, Confidential Information, and/or Attorney's Eyes Only Information is provided to any Designated Persons, those Designated Persons shall return or destroy such materials as set forth in paragraph 8.

10. This Order does not prevent the disclosure of any disclosure material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action. However, Confidential Information and/or Attorney's Eyes Only Information produced pursuant to this Order pertinent to any motion before the Court should initially be filed under seal, absent consent of the Government or Order of the Court. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1.

11. If any dispute should arise between the parties to this action as to whether any documents, materials, or other information is Confidential Information and/or Attorney's Eyes Only Information subject to the provisions of this Order, such documents, materials, and information shall be considered Confidential Information and/or Attorney's Eyes Only Information pending further Order of this Court.

[Intentionally Left Blank]

## Retention of Jurisdiction

12. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

AUDREY STRAUSS
United States Attorney

by: _____          Date: 4/20/2021
Daniel H. Wolf
Sarah Krissoff
Assistant United States Attorneys

by: _____          Date: 4/19/21
John Russo
Counsel for Jorge Castillo

SO ORDERED:

Dated: New York, New York
       April 20, 2021

_____
THE HONORABLE GREGORY H. WOODS
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF NEW YORK